UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

KENNETH SHIELDS,

Plaintiff,

v. Case No. 25-cv-892-pp

TRACY THOMPSON, *et al.*,

Defendants.

---

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 31)**

---

Plaintiff Kenneth Shields, who is incarcerated at Oakhill Correctional Institution and is representing himself, filed this lawsuit alleging violations of his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed against the defendants on an Eighth Amendment claim of deliberate indifference to his serious medical needs and a state law claim of negligence. Dkt. No. 7 at 14. This order addresses the plaintiff's motion to appoint counsel. Dkt. No. 31.

In his motion, the plaintiff states that the person who was helping him with this case is no longer available and the plaintiff does not know how to go on. Id. He says that he is no longer at Oshkosh Correctional Institution, which is where the events described in the complaint occurred. Id. The plaintiff asserts that he wrote to five lawyers to find a lawyer on his own, and he includes letters from the two lawyers who wrote back to him. Id. The plaintiff states that his "reading and understanding" is limited and he attaches a Test

Report dated June 24, 2014 that shows that he tested at fourth grade level for reading and fifth grade for language. Id.; Dkt. No. 31-1 at 5.

In a civil case, the court has discretion to recruit a lawyer for individuals who cannot afford to hire one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

In exercising its discretion, the court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021) (quoting Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007)). And, given the scarcity of *pro bono* counsel resources, the court may also consider the merits of a plaintiff's claim and what is at stake. Watts v. Kidman, 42 F.4th 755, 763-64 (7th Cir. 2022).

To satisfy the first prong, the court must determine that a plaintiff made a good faith effort to hire counsel. Pickett v. Chi. Transit Auth., 930 F.3d 869, 871 (7th Cir. 2019). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." Eagan, 987 F.3d at 682. To demonstrate he satisfied the first prong, the plaintiff must show he contacted

at least three lawyers and provide the court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." Eagan, 987 F.3d at 682. When considering the second prong, the court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." Pennewell v. Parish, 923 F.3d 486, 490 (7th Cir. 2019). The court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." Id. This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." Id. at 490-491. The court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." Id. at 491. In situations where the plaintiff files his motion in the early stages of the case, the court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." Pickett, 930 F.3d at 871.

The plaintiff has satisfied the requirement that he try to find a lawyer on his own. The plaintiff's medical care claim involves allegations that the defendants failed to treat a mass the size of a golf ball on his throat and that

eventually he had to be rushed to the hospital for emergency surgery, where he remained for seven days. It is difficult for the court to evaluate the plaintiff's ability to proceed on his own because it appears that he has not filed many documents in this case without assistance. The plaintiff's filings consist of his complaint, dkt. no. 1, which contains detailed allegations regarding his claim, and a motion for extension of time to respond to the defendants' discovery requests, dkt. no. 29. Both documents are typed and demonstrate a high quality of advocacy, literacy and communication. The plaintiff's motion to appoint counsel, by contrast, is hand-written and appears to be more in line with the language ability that the plaintiff describes in that motion. Based on these filings, it is possible that the plaintiff received help with his complaint and motion for extension of time, and that he filed his motion to appoint counsel without assistance. The plaintiff recently was transferred from the institution where the events described in the complaint occurred to a new institution which may make it more difficult for him to investigate his claims. That being said, the discovery deadline has passed. The deadline for the parties to file motions for summary judgment on the merits is August 7, 2026.

The court will deny without prejudice the plaintiff's motion to appoint counsel. If, after the defendants file a motion for summary judgment (assuming the defendants file such a motion), the plaintiff believes that he cannot respond to the motion on his own, he may file another motion to appoint counsel. If the plaintiff files another motion to appoint counsel, he should include information about why he believes he cannot respond to the motion for summary judgment.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 3rd day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**